———o———

No. 4331.

(Court of Appeal, Parish of Orleans.)

ANDREW A. GUNBY, VS. R. P. LESASSIER.

1. In order to constitute lis pendens there must be another suit pending between the same parties, for the same object and growing out of the same cause of action, before another Court of concurrent jurisdiction.

2. These are essential prerequisites. If any one fails, the exception of his pendens cannot prevail.

Appeal from Civil District Court, Division "D."

T. M. & J. D. Miller and Chas. F. Fletchinger, Plaintiffs and Appellees.

John Dymond, Jr., Omer Villere, Morgan & Milner, Defendants and Appellants.

MOORE, J. This was a suit on a building contract. The plaintiff, trading under the name of the Monroe Sash and Door Co., Ltd., a furnisher of materials sued the owner, (the New Orleans Pure Milk Co., Ltd., now represented by the German American Savings Bank and Trust Co., as its Receiver;) the Fidelity and Deposit Co., of Maryland, the surety on the bond of the contractor; and Richard P. LeSassier, a sub-contractor, for $1254.58, for materials alleged to have been furnished by plaintiff to the said sub-contractor, and which were actually used in the construction of the building.

Various defenses were set up by the several defendants, and, assuming the position of plaintiff in reconvention, LaSassier pleaded in reconvention against plaintiff a claim, among others, for the sum of $1487.12 alleged to be due him by plaintiff for damages sustained as the result of the non-execution on the part of plaintiff of another and distinct contract existing between them and concerning the furnishing of materials for the building of a court house in the Parish of Jefferson.

Thereupon the plaintiff moved the Court to strike from the answer the said reconventional demand, assigning as reason thereof that the same was *lis pendens,* which motion, after due hearing, was made absolute and the said reconventional demand ordered "stricken from the record and disregarded on the the trial of the case."

Subsequently the case was regularly fixed for trial on the main demand and resulted in a judgment in favor of the plaintiff and against all the defendants, *in solido,* for $1217.25, and in favor of LeSassier and against the plaintiff in the sum of $116.32. From this judgment all the defendants appeal.

The question which, primarily, presents itself for consideration is as to the correctness of the ruling of the Judge *a qua* in ordering the recoventional demand stricken from the answer, because, if the ruling be error, the cause cannot now be determined by us on its merits but must, necessarily, be remanded for trial *de novo.*

The averments of LeSassier's answer, so far as they concern this reconventional demand, are, substantially, that under a building contract existing between the Parish of Jefferson, as

53

owner, and the Hull Construction Company, as contractor, the defendant LeSassier, became a sub-contractor and as such entered into a contract with the plaintiff by which the latter was to furnish LeSassier certain materials to be used in the construction of the building—a court house—contemplated by the said building contract; that these materials were to be of a certain quality and kind, for a certain agreed price, aggregating the sum of thirty-three hundred and thirty eight dollars, and to be delivered at a certain specified time; that plaintiff failed to fully comply with his engagements; that he was put in default; that LeSassier was therefore compelled to obtain the materials elsewhere and that the difference between the price he was compelled to pay therefor and the price stipulated in the contract, together with costs and expenses necessarily entailed by this breach of contract on the part of plaintiff, aggregated the amount claimed in reconvention.

This demand, it will be perceived is entirely distinct from, and independent of the main demand, but as plaintiff resides in a different parish from defendant it is not, and it may not be questioned that the latter is entitled to institute it notwithstanding it be not necessarily connected with and incidental to the main demand. C. P. 375.

The sole contention is that the reconventional demand is *lis pendens.*

If it be true that the same cause of action as is exhibited by the averments of defendant's answer, is the subject matter of a cause pending at the time of the institution of this reconventional demand between the same parties before another court of concurrent jurisdiction, then the exception of *lis pendens* is well taken.

But the record discloses no such fact.

The proof is that at the time of the filing of the instant demand in reconvention, there was pending in the Twenty-eighth Judicial District Court, for the Parish of Jefferson, a suit instituted by the plaintiff against the Parish of Jefferson, and the said LeSassier, whereby the plaintiff sought to recover judgment for the sum of $800.00 against both defendants, *in solido,* being the price of materials alleged to have been sold by plaintiff to LeSassier, and used by the latter on the building; this, apparently, being the sole delivery of materials under the contract of $3338

54

alleged by LeSassier in his reconventional demand.

This suit was never put at issue by either defendant; LeSassier has made no appearance therein and no default has been taken against him.

It is the pendency of this suit and as thus conditioned, that is made the basis for the exception of *lis pendens* filed in the instant cause.

It is manifest that the suit pending in the Twenty-eighth Judicial District Court, for the Parish of Jefferson, concerns no such cause of action as are concerned and involved in the instant demand in reconvention, hence, the ruling of the Judge *a qua* in ordering this demand to be stricken from the answer and excluding evidence tendered to support it, is error; the judgment, must therefore be reversed and the cause remanded in order that evidence on this demand be received.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be, and the same is hereby avoided, set aside and reversed; that the cause be remanded to the lower Court with instruction to receive all proper evidence tendered to support the demand in reconvention set up by the defendant Richard P. LeSassier, in his answer filed herein; that the evidence taken on the former trial of this cause and now on file therein may be re-offered and used as evidence herein without the necessity of retaking same, but without prejudice to the right of the parties hereto to adduce such further evidence as they may desire, and which may be legally admissible herein, and that the cause be tried *de novo* and otherwise proceeded with according to law and the views herein expressed.

The cost of appeal to be paid by the appellant; the costs of the lower Court to await final decision.